# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Jordan,<br><br>            Plaintiff,<br><br>v.<br><br>Freedom National Insurance Services Incorporated,<br><br>            Defendant. | No. CV-16-00362-PHX-DLR<br><br>**ORDER** |

The Court has reviewed the parties' Joint Motion for Preliminary Approval of Class Settlement Agreement. (Doc. 43.)

**IT IS ORDERED**:

I.  This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") and all terms defined therein shall have the same meaning in this Order as set forth therein. The Agreement is attached to Docket 43 as Exhibit A, and is incorporated herein by reference.

2.  The Court hereby preliminarily approves the Agreement and the settlement embodied therein.  The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval by this Court. It appears to the Court that the Agreement is fair, adequate and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation, particularly in light of the fact that Defendant's maximum statutory liability under the

statute which forms the basis of this action is limited. The Court also notes that the claims of Plaintiffs and the Class are based upon an alleged violation that is not egregious enough to warrant the maximum statutory award, making the settlement even more adequate. It further appears that as a result of speedy, voluntary discovery, counsel for the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of intensive, non-collusive, arms-length negotiations.

3. A hearing ("Fairness Hearing") shall be held before this Court on the **July 13, 2017 at 1:30 p.m.** in Courtroom 506 of the United States District Court for the District of Arizona, located at 401 Washington Street, Phoenix, Arizona 85003, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should finally approve a statutory damages and class service representative award for Plaintiff; and the amount of attorneys' fees and costs to be awarded Class Counsel.

4. The Court hereby approves, as to form and content, the proposed "Notice of Class Action" ("Class Notice") attached as Exhibit C to Docket Entry 43. The Court finds that the distribution of the Class Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and FED. R. CIV. P. 23(e); and that such Class Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, and the proposed settlement and its terms.

5. The Class Notice shall be distributed to the Class as follows: On or before **May 9, 2017** which is thirty (30) days after date of this order, the Administrator will, for Class Members whose e-mail addresses are available from Defendant's records, send the Class Notice to such e-mail address. For those Class Members whose addresses are not available or those whose e-mail address the Administrator determines to be invalid, the Administrator will run the Class Members' names and most current physical address reflected in Defendant's records through the National Change of Address database to search for any updated addresses. The Administrator will then print, copy, and mail the Class Notice to the Class Members at the most current address reflected in Defendant's records or the updated address, if available, with a notation on the envelopes requesting address correction. If any notice is returned with a new address, the notice will be re-mailed to the new address. As to any Class Member whose notice is returned without a forwarding address, the Administrator shall use its best efforts to seek a good address through other available resources, such as commercial databases, and shall re-send the Notice to any Class Member for whom it is able to obtain a new address as a result of such search. Neither the Administrator, nor the Parties or their counsel shall be responsible the failure of the Postal Service to timely deliver or return a class notice. Plaintiff shall have no obligation to re-send a notice that is not returned by the Postal Service until after the date that is seven days prior to the Fairness Hearing.

6. Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must do so by **July 6, 2017** which is one (1) week prior to the Fairness Hearing. Class Members who wish to exclude themselves from (opt out of) the Class must mail a written request for exclusion to Class Counsel and Counsel for Defendant postmarked no later than **June 29, 2017** which is two (2) weeks prior to the Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the

Class.

7. Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

8. No member of the Class, or any other person, shall be heard at the Fairness Hearing in opposition to class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed class representative service award unless not later than **June 22, 2017** which is three (3) weeks prior to the Fairness Hearing, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendant a written notice of intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

9. Any such notice of objections shall include:

    (1) a statement of each objection being made;

    (2) a detailed description of the facts underlying each objection;

    (3) a detailed description of the legal authorities underlying each objection;

    (4) a statement of whether the objector intends to appear at the Fairness Hearing;

    (5) a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Fairness Hearing; and

    (6) a list of exhibits which the objector may offer during the Fairness Hearing, along with copies of all of the exhibits.

10. Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and Counsel for Defendant, shall not be heard during the Fairness Hearing and the Court will not consider their objections.

11. Until the Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant or any of its officers, directors, shareholders, members, or employees arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case, such as Defendant's use of the Authorization Agreement that is at issue in this case.

12. This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; or (2) the appropriateness of any measure of alleged loss or damages. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties.

13. All existing deadlines and court appearances are hereby vacated and tolled disposition of pending final approval motion.

Dated this 7th day of April, 2017.

_____
Douglas L. Rayes
United States District Judge