Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sarah Jordan, *on behalf of herself and all others similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>Freedom National Insurance Services, Inc.<br><br>Defendant. | Case No. 2:16-cv-00362-DLR<br><br>**MOTION FOR ATTORNEY'S FEES AND COSTS** |

Plaintiff Sarah Jordan ("Plaintiff"), by and through her undersigned counsel, the Thompson Consumer Law Group, PLLC ("Class Counsel"), hereby petitions the Court for an award of attorneys' fees and costs pursuant to Fed. R. Civ. P. 23(h). Plaintiff and Class Counsel respectfully show the following:

**I.    Introduction**

Class Counsel seeks an award of $34,500 in attorney's fees and $500 costs from the Settlement Fund, for a total of $35,000. The request for fees is based on 124.3 hours of work performed by attorneys and 11.8 hours of work performed by paralegals. As explained in the Statement of Consultation, Defendant Freedom National Insurance Services, Inc. ("Defendant") does not oppose this request.

## II. Eligibility

Plaintiff is the Class Representative of a Class certified under Rule 23(b)(3) with claims against Defendant Freedom National Insurance Services, Inc. ("Defendant") for violating § 1693l of the Electronic Fund Transfers Act ("EFTA"). *See* Doc. 32 at 8. Plaintiff and Defendant have reached a class-wide settlement agreement in this action, *see* Doc. 43-1, which the Court has preliminarily approved, *see* Doc. 45. Contemporaneously herewith, the parties have submitted a motion for final approval of the class settlement.

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). "A claim for an award must be made by motion under Rule 54(d)(2)…at a time the court sets." Fed. R. Civ. P. 23(h)(1). The Court has set a final fairness hearing for July 13, 2017 at 4:30 p.m. *See* Doc. 46. Upon entry of final judgment, Class Counsel shall be eligible under Rule 23(h) for an award of attorney's fees and nontaxable costs.

## III. Entitlement

The parties' proposed settlement agreement calls for the payment of attorney's fees and costs to Class Counsel. *See* Doc. 43-1 at 12. When class counsel's entitlement to an award of fees arises pursuant to the parties' agreement, the Ninth Circuit approves the district courts' calculation of fees "under the 'lodestar' method, meaning that the court multiplied the number of hours class counsel reasonably spent on the case by a reasonable hourly rate." *Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012). "In

statutory fee cases, federal courts, including [the Ninth Circuit], have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 981 (9th Cir. 2008) (quoting *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–660 (9th Cir.1985)) (discussing "fees-on-fees" issue in context of FDCPA class settlement). "This is so because it would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee." *Id*.

## IV.     Reasonableness of Requested Award

"There is a strong presumption that the lodestar is a reasonable fee." *Stetson v. Grissom*, 821 F.3d 1157, 1165 (9th Cir. 2016). To determine the lodestar, the court "multiplie[s] the number of hours class counsel reasonably spent on the case by a reasonable hourly rate." *Lane*, 696 F.3d at 818. Courts "should bear in mind that the measure of reasonable hours is determined by the profession's judgment of *the time that may be conscionably billed* and *not the least time* in which it might theoretically have been done." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1306 (11th Cir. 1988) (emphasis added).

"To determine a 'reasonable hourly rate,' the district court should consider: 'experience, reputation, and ability of the attorney; the outcome of the results of the proceedings; the customary fees; and the novelty or the difficulty of the question presented.' " *Hiken v. Dep't of Def.*, 836 F.3d 1037, 1044 (9th Cir. 2016) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1211 (9th Cir. 1986)). "The reasonable rate should generally be guided by 'the rate prevailing in the community for similar work

performed by attorneys of comparable skill, experience, and reputation.'" *Id.* (quoting *Chalmers*, 796 F.2d at 1211-12).

Here, Class Counsel seeks an award of attorney's fees in the amount of $34,500, based on a total of 136.1 hours of attorney and paralegal time at hourly rates permitted by Plaintiff's contract, *see* Exhibit B at 4, ranging from $150.00 per hour to $400.00 per hour. Specifically, these amounts are broken down as follows:

| Attorneys | Role | Hours | Rate | Total |
|---|---|---|---|---|
| Russell S. Thompson IV | Partner | 11.7 | $400 | $4,680 |
| Joseph Panvini | Attorney | 3.9 | $400 | $1,560 |
| David N. McDevitt | Attorney | 64.9 | $350 | $22,715 |
| Michael Rolland | Attorney | 34.7 | $250 | $8,675 |
| Ryan Pittman | Attorney | 9.1 | $250 | $2,275 |
| Tremain Davis | Paralegal | 6.1 | $150 | $915 |
| Zac Landis | Paralegal | 3.1 | $150 | $465 |
| Chris Bruner | Paralegal | 2.6 | $150 | $390 |
| **Total** | | 136.1 | $306.20 | $41,675 |

As Class Counsel has agreed to seek no more than $35,000 in attorneys' fees and costs, where the costs in this action were $500, Class Counsel requests the Court grant it $34,500 in attorney's fees for the aforementioned work.

**A.     The time and labor required of counsel.**

Class Counsel's time spent and work performed, as summarized in the above-table, is detailed in its timesheet attached as Exhibit A to the Affidavit of Russell S. Thompson IV in Support of Motion for Attorney's Fees and Costs, filed

contemporaneously herewith. The 136.1 hours for which Class Counsel seeks compensation can be broken into five periods.

First, it spent 20.2 hours from the opening of the case file through the filing of the complaint on February 8, 2016. *See* Exhibit A at 12-14.  This is a reasonable amount of time to spend on researching the underlying facts, the viability of Plaintiff's claim and suitability for class treatment, and the preparation and filing of the complaint— particularly where claims under the EFTA are not litigated as frequently as other federal consumer protection statutes. *See Burge ex rel. Burge v. Colton Sch. Dist.* 53, No. 3:14-00605-ST, 2015 WL 4464144, at *6 (D. Or. July 21, 2015) ("this court cannot conclude that 35 hours to draft and revise the complaint…is inherently unreasonable"); *Berry v. N.Y. State Dep't of Corr. Servs.*, 947 F. Supp. 647, 653 (W.D.N.Y. 1996) (finding "it would be reasonable for a litigation associate to spend approximately 50 hours to draft a complaint with some partner supervision and paralegal support").

Second, Class Counsel billed 47.7 hours between filing the complaint and obtaining class certification.  *See* Exhibit A at 7-12 (entries from February 9 through August 23, 2016).  Class Counsel counts a total of 28.9 hours spent on drafting the class certification motion and reply in support thereof, with 18.8 hours spent on other case management matters during this period.  That the most time was spent on this portion of the case is to be expected, given that class certification was contested. This amount of time was reasonable.  *See The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 711 (6th Cir. 2016) (upholding award of fees where counsel "billed 115 hours for their attempt to certify" a class, even though motion was eventually withdrawn).

Third, Class Counsel billed 16.6 hours between class certification and filing a notice of class settlement. *See* Exhibit A at 5-7 (entries from September 26, 2016 through February 24, 2017). This is a reasonable amount of time to negotiate the preliminary terms of a class settlement, while also handling other case management matters, such as conducting the Rule 26(f) meeting, reaching an agreement on the confidentiality of Defendant's financial records, and performing a review of such records.

Fourth, Class Counsel spent 26.4 hours between filing the notice of class settlement and the Court's granting of preliminary approval of the settlement. *Id.* at 4-5 (entries from February 28, 2017 through April 4, 2017). During this time period, Class Counsel negotiated and drafted the precise language of the 22-page settlement agreement, prepared the class notice and proposed orders regarding preliminary and final settlement, and drafted the joint motion for preliminary approval.

Fifth, Class Counsel has spent 25.2 hours since preliminary approval through the date of this motion. *Id.* at 1-4 (entries from April 5, 2017 through July 12, 2017). During this period, Class Counsel coordinated with the Administrator regarding the distribution of class notice, communicated with absent Class Members, prepared the joint motion for final approval (8 hours), and drafted the instant motion for attorney's fees and costs (6.8 hours)[1]. These are reasonable amounts of time. *See U.S. ex rel. Young v. Somerset*

---

[1] The undersigned notes that the actual amount of time spent on the instant motion was much higher. However, because Class Counsel was uncertain about the applicability of the process set forth in LRCiv. 54.2 to an unopposed request for attorney's fees, it ceased billing its time after spending what it considered was a reasonable amount of time to prepare a less detailed motion.

*Farms, Inc.*, No. CIV.A. 02-2846, 2014 WL 2048181, at *5 (E.D. Pa. May 16, 2014) ("find[ing] 10 hours to be a reasonable amount of time for the preparation of a fee petition with limited complexities"). By sheer coincidence, 6.8 hours is just under 5% of the total amount of time spent on the case. *Accord Delgado v. Vill. of Rosemont*, No. 03 C 7050, 2006 WL 3147695, at *4 (N.D. Ill. Oct. 31, 2006) ("Courts in the Seventh Circuit repeatedly have reduced the amount of time spent in preparation of the fee petition so that that amount is less than 10% (and often below 5%) of the total hours expended in prosecution.").

### B. The novelty and difficulty of the questions presented.

This Court has noted that "many of these factors have already been calculated in the lodestar analysis and need not be re-introduced as means of adjusting the fee award." *St. Bernard v. State Collection Serv., Inc.*, 782 F. Supp. 2d 823, 828 (D. Ariz. 2010). "[T]he novelty and complexity of a case generally may not be used as a ground for an enhancement because these factors presumably are fully reflected in the number of billable hours recorded by counsel." *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010) (internal alteration omitted).

However, this factor does justify a slightly higher hourly rate than is often awarded for attorneys with comparable time in practice for matters involving claims arising under the FDCPA, a nearby federal consumer protection statute. As discussed further in Section IV.E, while attorneys are often awarded $250-300 per hour under the FDCPA, claims under the EFTA are less common and there are many fewer consumer attorneys available or able to pursue them. *Cf. Hicks v. GTC Auto Sales, Inc.*, Case No.

4:16-cv-00011 in the Northern District of Texas, Dkt. #23 (June 9, 2016) (awarding Thompson $400 per hour and Pittman $250 per hour over the defendant's objection in action involving the Truth in Lending Act and the Electronic Fund Transfers Act).

### C. The skill requisite to perform the legal service properly.

This factor is taken into account in the lodestar calculation and therefore does not warrant adjustment. *See St. Bernard*, 782 F. Supp. 2d at 828-29.

### D. The preclusion of other employment by counsel because of the acceptance of the action.

This factor does not warrant adjustment of the lodestar amount.

### E. The customary fee charged in matters of the type involved.

"[T]he established standard when determining a reasonable hourly rate is the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979. There is no case that Class Counsel is aware of regarding the reasonable hourly rate for EFTA work in the District of Arizona. *But see Martz v. PNC Bank, N.A.*, No. CIV.A. 06-1075, 2008 WL 1994858, at *1 (W.D. Pa. May 5, 2008) (approving of partner and associates hourly rates of $390 and $340, respectively, in EFTA class settlement).

This Court has approved rates of at least $300.00 per hour for experienced attorneys in FDCPA cases. *See, e.g.*, *St. Bernard*, 782 F. Supp. 2d at 827 ($350 hourly rate reasonable for experienced attorney in FDCPA case); *Shelago v. Marshall & Ziolkowski Enterprise, LLC*, No. CV07-0279-PHX-JAT, 2009 WL 1097534, at *2 (D. Ariz. Apr. 22, 2009) (finding hourly rates of $300 and $400 to be "reasonable and are

consistent with the prevailing market rates for lawyers of their skill levels."). This is consistent with the decisions of courts in other jurisdictions in FDCPA and other consumer protection matters.[2]

In 2011, a survey was conducted of consumer advocates across the country to determine the rates charged by attorneys practicing in the area of consumer protection, grouped by attorney's years in practice, location of practice, and size of firm. *See* 2011

---

[2] *See Dowling v. Litton Loan Servicing, L.P.*, 320 Fed. Appx. 442 (6th Cir. 2009) ($300 hourly rate fell within range of reasonableness for litigators of counsel's skill level and experience in that community); *Young v. Diversified Consultants, Inc.*, 554 F. Supp. 2d 954, 957 (D. Minn. 2008) ($300 hourly rate reasonable in FDCPA case, and $325 found reasonable for more experienced FDCPA attorney); *Arlozynski v. Rubin & Debski, P.A.*, 2011 WL 6318970 (M.D. Fla. Dec. 16, 2011) (finding $350 per hour reasonable in an FDCPA case); *Patton v. Prober & Raphael, a Law Corp.*, 2012 WL 294537, at *8 (N.D. Cal. Jan. 13, 2012) *report and recommendation adopted,* 2012 WL 294511 (Jan. 30, 2012) (same); *Haberman v. PNC Mortgage Co.*, 915 F. Supp. 2d 800, 805 (E.D. Tex. 2013) (finding hourly rates of $225, $300, and $350 to be reasonable in a Fair Credit Reporting Act case); *Lamberson v. Bank of Am. Corp.*, No. CIV. 11-335 ADM/TNL, 2012 WL 4129807, at *3 (D. Minn. Sept. 19, 2012) (awarding reasonable hourly rate of $350 in FDCPA case); *Carter v. Medicredit, Inc.*, No. 2:11-CV-01272-WMA, 2012 WL 4329294, at *2 (N.D. Ala. Sept. 18, 2012) (finding hourly rate of $375 to be reasonable in FDCPA case); *Garcia v. Resurgent Capital Services, L.P.*, No. C-11-1253 EMC, 2012 WL 3778852, at *3-4 (N.D. Cal. Aug. 30, 2012) (finding reasonable requested hourly rates of $400 and $300 for experienced FDCPA attorneys); *Collins v. Bowman, Heintz, Boscia & Vician P.C.*, No. 1:10-CV-1629-JMS-TAB, 2012 WL 1142442, at *3 (S.D. Ind. Mar. 8, 2012) (approving hourly rate of $300 for attorney in FDCPA case); *Sclafani v. Firstsource Advantage, LLC*, No. 11-62090-CIV, 2012 WL 718647, at *2 (S.D. Fla. Mar. 6, 2012) (finding "a billing rate of $325.00 per hour is reasonable"); *Phenow v. Johnson, Rodenberg & Lauinger, PLLP*, 766 F. Supp. 2d 955, 957 (D. Minn. 2011) ($350 hourly rate reasonable for lead attorney's work in FDCPA case); *Beasley v. Sessoms & Rogers, P.A.*, 5:09-CV-43-D, 2011 WL 5402883, at *3 (E.D.N.C. Nov. 8, 2011) (finding reasonable hourly rates of up to $350.00); *Shields v. Merchants and Med. Credit Corp., Inc.*, 2011 WL 3566485, at *4 (E.D. Mich. June 30, 2011) (finding that $300 is a reasonable hourly rate for two consumer attorneys in an FDCPA action); *Kelly v. Montgomery Lynch & Assoc., Inc.*, 2008 WL 4560744, at *7 (N.D. Ohio Oct. 8, 2008) (finding $300 to be a proper hourly rate for two experienced consumer attorneys in FDCPA actions).

Consumer Law Attorney Fee Survey, attached to the undersigned's affidavit as Exhibit C. Page 15 of the attached survey shows that the average billing rate for firms with more than five attorneys in Arizona is $300.00 per hour, and $330.00 per hour for smaller firms. The average billing rate generally increases commensurate with years of experience. Class Counsel's contractual rates are comparable with these average rates.

This Court also considers the Laffey Matrix in judging a reasonable rate. *See, e.g.*, *St. Bernard*, 782 F. Supp. 2d at 827; *Shelago*, 2009 WL 1097534, at *2. The Laffey Matrix suggests that a reasonable hourly rate for an attorney 1-3 years out of law school is $343, and $421 for an attorney 4-7 years out of law school. *See* http://www.laffeymatrix.com/see.html. It also suggests that a reasonable hourly rate for paralegals and law clerks is $187. *Id.* Class Counsel's rates are less than these rates.

This Court has also found Class Counsel's rates for individual actions to be reasonable in an unrelated case brought under the FDCPA. *See Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 3960163, at *2 (D. Ariz. June 30, 2015) (concluding that the "attorney rates at $300.00 an hour, $250.00 an hour, and $175.00 an hour for three different attorneys and $135.00 an hour for non-attorney staff" were reasonable). In another case brought under the FDCPA, the District of Minnesota found these rates to be reasonable when requested by Plaintiff's counsel. *See Iverson v. Greystone Alliance, LLC*, No. CIV. 14-1027 ADM/HB, 2015 WL 4635840, at *3 (D. Minn. Aug. 4, 2015).

Here, this action was pursued on a class basis and was brought under a less commonly litigated statute, so a slightly higher hourly rate is justified.

### F. Whether the fee contracted between the attorney and the client is fixed or contingent.

Plaintiff's counsel represented Plaintiff for a fixed, hourly rate, which is reflected in the lodestar calculation. However, under the terms of the fee agreement, recovery of fees was contingent upon prevailing in the case. This Court has recognized that the risk inherent in contingency fee arrangements calls for appropriate consideration in awarding a reasonable fee. *See Hires v. Comm'r of Soc. Sec. Admin.*, No. CV-08-2037-PHX-FJM, 2010 WL 2720821, at *2 (D. Ariz. July 9, 2010) ("Exercising our discretion and accounting for the risk inherent in contingency fee arrangements, we conclude that an hourly rate of $300.00 is a reasonable fee in this case."). This factor may be taken into account in applying a higher hourly rate, in particular where the legal theory was novel, and where a class theory was pursued.

### G. Any time limitations imposed by the client or the circumstances.

This factor does not warrant adjustment of the lodestar amount.

### H. The amount of money, or the value of the rights involved, and the results obtained.

"Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation." *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983). The EFTA provides a maximum statutory recovery of the lesser of $500,000 or 1 per centum of the net worth of the defendant. 15 U.S.C. § 1693m(a)(2)(B). Here, Class Counsel has obtained a settlement amount for the Class that far exceeds its potential recovery under the Act. This is therefore an excellent result.

### I. The experience, reputation and ability of counsel.

Plaintiff's attorneys' experience is discussed in undersigned's affidavit, submitted contemporaneously herewith.

### J. The "undesirability" of the case.

This factor does not warrant adjustment of the lodestar amount.

### K. The nature and length of the professional relationship between the attorney and the client.

This factor does not warrant adjustment of the lodestar amount.

### L. Awards in similar actions.

*See* Section IV.E., *supra*, discussing awards in similar actions, including fee awards for Plaintiff's same counsel. *See Christopher*, 2015 WL 3960163, at *2; *Iverson*, 2015 WL 4635840, at *3; *Hicks*, Case No. 4:16-cv-00011 (N.D. Tex. June 9, 2016) Dkt. #23.

### M. Any other matters deemed appropriate under the circumstances.

None.

## V. CONCLUSION

The Court should grant Class Counsel's request for attorneys' fees and costs in the amount of $35,000. While Class Counsel's contractual rates are slightly higher than typically awarded in individual actions brought under less novel legal theories, it ultimately requests a lesser amount. The amount of time spent on each portion of the case was reasonable, and Class Counsel has achieved an excellent result on behalf of the

Class. Accordingly, the Court should award it the full amount available under the terms of the settlement agreement.

Respectfully submitted on July 12, 2017,

By: /s/ Russell S. Thompson IV
Russell S. Thompson IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@consumerlawinfo.com
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

I certify that on July 12, 2017, the foregoing Motion for Attorney's Fees and Costs was filed with the clerk of the United States District Court for the District of Arizona using the CM/ECF system of the Court which will send notification of the same to Defendant through counsel of record as follows:

Mark E. Lassiter, Esq.
Stewart F. Salwin, Esq.
Carpenter, Hazlewood, Delgado & Bolen, PLC
1400 E. Southern Ave, Suite 400
Tempe, AZ 85282

s/Zachary Landis
Zachary Landis