1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                        FOR THE DISTRICT OF ARIZONA
8
9    Sarah Jordan,                          No. CV-16-00362-PHX-DLR
10                      Plaintiff,           **ORDER**
11   v.
12   Freedom National Insurance Services
     Incorporated,
13
14                      Defendant.
15
16        Before the Court are the parties' Joint Motion for Final Approval of Class
17   Settlement Agreement and Plaintiff's Motion for Attorney's Fees and Costs.  (Docs. 47,
18   48.)  On July 13, 2017, the above-captioned case came on for a Final Approval
19   Hearing on the proposed class action settlement.
20        In March 2017, after arms-length negotiations, Plaintiff and Defendant
21   entered into a Class Action Settlement Agreement (hereinafter referred to as the
22   "Agreement"), which is subject to review under Federal Rule of Civil Procedure 23.
23   On March 29, 2017, the Parties filed the Agreement, together with their Joint Motion
24   for Preliminary Approval of Class Settlement Agreement (hereinafter referred to as
25   the "Preliminary Approval Motion").  (Doc. 43.)
26        On April 4, 2017, upon consideration of the Preliminary Approval Motion and
27   the record, the Court entered an Order Conditionally Granting Preliminary Approval
28   of Settlement ("Preliminary Approval Order").   Pursuant to the Preliminary

Approval Order, the Court preliminarily approved the proposed settlement agreement, approved the form of the notice to class members, and set the date and time of the Fairness Hearing.

On April 5, 2017, within ten days of filing the proposed settlement with the Court, Defendant complied with the requirements of 28 U.S.C. § 1715.  (Doc. 50.) On July 12, 2017, the Parties filed their Motion for Final Approval of Class Action Settlement ("Final Approval Motion") and Class Counsel filed a motion for attorneys' fees and costs ("Fee Motion").  (Docs. 47, 48.)

On July 13, 2017, a Final Fairness Hearing was held pursuant to Rule 23 to determine whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be fully and finally approved by the Court.  The Court has read and considered the Agreement, Final Approval Motion, Fee Motion, and the record as a whole (all capitalized terms used herein have the meanings defined herein and/or in the Agreement).

The Court hereby makes the following findings of fact and conclusions of law, and hereby orders as follows:

**I.      Jurisdiction.**  The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

**II.      Class Notice.**  Class action notices and claim forms were mailed to all of the Class Members.  The form and method for notifying the Class Members of the settlement and its terms and conditions satisfied the requirements of Rule 23(c)(2)(B) and due process, and constituted the best notice practicable under the circumstances. The Court finds that the proposed notice was clearly designed to advise the Class Members of their rights.

**III.      Fairness.**  The Court finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement and as set forth below, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength

of the Plaintiff's alleged claims; the strength of Defendant's alleged defenses; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the Class; the limited amount of any potential total recovery for the Class; and the fact that Defendant is paying the maximum statutory damages allowed by law for an alleged violation that is not egregious.

**IV.   Attorney's Fees and Costs**.  The Court has reviewed the Fee Motion, and all documents submitted in support thereof, including Class Counsel's itemized time sheets and expenses and its affidavit regarding the attorneys and paralegals for whom the Fee Motion seeks reimbursement.  The Court finds that the 124.3 hours of work performed by attorneys and the 11.8 hours of work performed by paralegals were reasonably spent on this matter.  The Court further finds that the hourly rates requested by Class Counsel ($400/hour for partner Russell S. Thompson IV; $400/hour for attorney Joseph Panvini; $350/hour for attorney David N. McDevitt; $250/hour for attorney Michael Rolland; $250/hour for attorney Ryan Pittman; $150/hour for paralegal Tremain Davis; $150/hour for paralegal Zac Landis; $150/hour for Chris Bruner) are reasonable, given the experience, reputation and ability of those for whom the rates are sought, the outcome of the representation, the customary fees  charged, and the novelty or difficulty of the issued presented in this matter.  The Court further finds that the expenses for which reimbursement is sought were reasonably and necessarily incurred.

**V.   Approval of Terms.**  The Agreement, which is on file in this case shall be deemed incorporated herein, and the proposed settlement set forth in the Agreement is finally approved and shall be consummated in accordance with the terms and provisions thereof, except as amended by any order issued by this Court. The material terms of the Settlement include, but are not limited to, the following:

- Defendant shall and has established a class settlement fund ("Settlement Fund") in the amount of $85,000.00 to consummate this settlement;

- Plaintiff shall be entitled to $2,500.00 in compensation of her service to the Class from the Settlement Fund;

- Class Counsel shall be entitled to a total of $35,000.00 in attorneys' fees and litigation expenses, which the Court finds to be a reasonable fee in relation to the work expended, from the Settlement Fund;

- The Administrator shall receive a total of $20,000 from the Settlement Fund for the cost of administering notice and processing claims; and

- The Administrator shall mail checks to the 6,788 of 6,941 class members whose addresses were not previously determined to be undeliverable in the amount of $4.05, representing each such person's pro rata share of the balance of the Settlement Fund.

**VI.    Objections and Exclusions.**  The Class Members were given a fair and reasonable opportunity to object to the settlement.  No Class Member objected to the settlement.  The Class Members who made valid and timely requests for exclusion are excluded from the class and settlement and are not bound by this Order.  No other Class Member is excluded. This order is binding on all Class Members.

**VII.   Release of Claims and Dismissal of Lawsuit.**  The Releases set forth in the Agreement are hereby approved.  Pursuant to the Releases contained in the Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.  Plaintiff, the Class Members, and all of their heirs, executors, administrators, successors, assigns, and any person or entity acting for, on behalf of, or for the benefit of any such persons are hereby permanently enjoined from suing upon, pursuing, or demanding any legal or equitable relief for any of the Released Claims, save and except for the compensation set forth above.

This Order, the Agreement, and the existence and nature of the Settlement are not, and shall not be construed as, an admission by Defendant of any liability or wrongdoing in this or in any other proceeding.

The Court hereby retains continuing and exclusive jurisdiction over the Parties and all matters relating to the Lawsuit and/or Agreement, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the settlement and this Order.

**IT IS ORDERED** that the Final Approval Motion and Fee Motion (Docs. 47, 48) are **GRANTED** as set forth in this Order.  This action is hereby dismissed with prejudice as to all other issues and as to all parties and claims.  The Clerk is directed to terminate this action.

Dated this 20th day of July, 2017.

Douglas L. Rayes
United States District Judge